## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

Carol Tarasovich,

               Plaintiff,

    v.

County of Indiana, Borough of
Blairsville, Blairsville-Saltsburg,
Timothy Evans, Eric Kocsis,
Patricia Evanko, Tammy Whitfield,
Wessel and Company, and
Stephanie Stohon,

             Defendants,

CIVIL ACTION

No. 3:15-cv-00327-JFC

Hon. Joy F. Conti

**Document Type:**

Brief in Support of Motion
to Dismiss Pursuant to
F.R.C.P. 12(b)(6)

Filed on behalf of Defendants:
Blairsville-Saltsburg Area SD
Eric Kocsis and
Tammy Whitfield

Counsel for Defendants:

Carl P. Beard, Esquire
Pa. I.D. No. 33479
cbeard@andrewsbeard.com
Ronald N. Repak, Esquire
Pa. I.D. No. 309138
rrepak@andrewsbeard.com

ANDREWS & BEARD
3366 Lynnwood Drive
P.O. Box 1311
Altoona, PA  16603
(814) 943-7796
(814) 943-0519 – Fax

1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

Carol Tarasovich,                         :        No. 3:15-cv-00327-KRG
               Plaintiff        :
                            :
   v.                                     :
                            :        CIVIL ACTION – LAW
County of Indiana, Borough of             :
Blairsville, Blairsville-Saltsburg,       :
Timothy Evans, Eric Kocsis,               :        Hon. Joy F. Conti
Patricia Evanko, Tammy Whitfield,         :
Wessel and Company, and                   :
Stephanie Stohon,                         :
             Defendants          :
                            :

## BRIEF IN SUPPORT OF DEFENDANTS'
## MOTION TO DISMISS PURSUANT TO F.R.C.P. 12(B)(6)

AND NOW, come Defendants, Blairsville-Saltsburg School District, Eric Kocsis and Tammy Whitfield, by and through their counsel of record, Carl P. Beard, Esquire, and Ronald N. Repak, Esquire of Andrews & Beard, and files the within Brief in Support of Defendants' Motion to Dismiss the Plaintiff's Complaint pursuant to F.R.C.P 12(b)(6).

## I.    PROCEDURAL HISTORY

Plaintiff commenced this action with the filing of a Civil Complaint on or about December 11, 2015. The Complaint was served upon Defendants, Blairsville-Saltsburg Area School District, Eric Kocsis and Tammy Whitfield, via their undersigned counsel on December 17, 2015. The Waiver of the Service of Summons was signed by the undersigned counsel for the Defendants and was filed with the Court on January 4, 2016. Plaintiff named County of Indiana, Borough of Blairsville, Blairsville-Saltsburg School District, Timothy Evans, Eric Kocsis, Patricia Evanko, Tammy Whitfield, Wessel and Company, and Stephanie Stohon, as Defendants.  Plaintiff  seeks relief pursuant to

42 U.S.C. § 1983 ("§ 1983") alleging that the Defendants acted in concert to deprive the Plaintiff of Civil Rights guaranteed by the United States Constitution, including, Right to Freedom from Illegal Searches under the Fourth Amendment, Right to Privacy under the First, Third, Fourth, Fifth, and Ninth Amendments of the Constitution, the Right to Property under the Fourteenth Amendment of the Constitution, the Right to be Free from Arbitrary and Forcible Dismissal from Public Employment under the Equal Protection Clause of the Constitution, the Right to Freedom of Enterprise under the "Liberty" concept of the Fifth and Fourteenth Amendments of the Constitution, and the Right to Due Process as a Public Employee under the Fourteenth Amendment of the Constitution.   Plaintiff specifically sued Blairsville-Saltsburg School District (hereinafter "School District"), a local governmental agency organized under the Laws of the Commonwealth of Pennsylvania. Plaintiff specifically sued Eric Kocsis in his official capacity as the Business Manager for Blairsville-Saltsburg School District. Plaintiff specifically sued Tammy Whitfield in her official capacity as the Superintendent for Blairsville-Saltsburg School District.

After reviewing Plaintiff's Complaint, Defendants have concluded that a Motion to Dismiss the Plaintiff's Complaint for failure to state a claim upon which relief may be granted is merited. As of the date of this filing, no Defendant has filed an Answer to the Complaint. However, on February 15, 2016, Defendants, Blairsville-Saltsburg School District, Eric Kocsic and Tammy Whitfield, filed a Motion to Dismiss Counts I, (a) through (g) of Plaintiff's Complaint. This Brief in Support of the foregoing Defendants' Motion to Dismiss is now timely filed in support of Defendant's Motion to Dismiss on February 15, 2016.

3

## II.     FACTUAL ALLEGATION

Plaintiff, Carol Tarasovich, held the office of tax collector for the County of Indiana, The Borough of Blairsville, and the Blairsville-Saltsburg School District.  Plaintiff specifically sued Blairsville-Saltsburg School District (hereinafter "School District"), a local governmental agency organized under the Laws of the Commonwealth of Pennsylvania. Plaintiff specifically sued Eric Kocsis in his official capacity as the Business Manager for Blairsville-Saltsburg School District and sued Tammy Whitfield in her official capacity as the Superintendent for Blairsville-Saltsburg School District. Defendants, Kocsis and Whitfield are public employees of Blairsville-Saltsburg School District and at all time were acting in their official capacity as public employees.

As Tax Collector, Plaintiff was responsible for mailing and collecting tax bills to each taxpayer in Indiana County prior to April 15 of each year.  Also, as part of the Plaintiff's Tax Collector duties, the Plaintiff was to deposit taxes collected to the Public Entity for which such monies were owed.  These entities would be the County of Indiana, The Borough of Blairsville, and the Blairsville-Saltsburg School District for which such monies were owed and for which where owned by the Public Entities respectively. Defendants discovered that in December of 2013 the Blairsville-Saltsburg School District was over $500,000 dollars behind in collections compared to prior years. This prompted an investigation by the auditors, Wessel & Company of the Plaintiff's records, book keeping, and deposits.  As a result of the audit that was performed, Wessel & Company did report irregularities within the records, book keeping and deposits of the Plaintiff's as it related to monies owed to the County, Borough and District.

4

III.   **STATEMENT OF QUESTIONS PRESENTED**

A. Should the claims alleged against individual Defendants Eric Kocsis and Tammy Whitfield in their official capacities be dismissed, where all claims asserted against them in such capacities are likewise asserted against Defendant Blairsville-Saltsburg School District?

B. Does the Plaintiff fail to set forth <u>any</u> cause of action for relief against Defendants Blairsville-Saltsburg School District, Eric Kocsis and Tammy Whitfield in Counts Count 1(a) through (g) because such individual Defendants are entitled to high public official immunity?

C. Does the Plaintiff fail to state a claim against Defendants under Count 1(a)(b)&(c), Right to Freedom from Illegal Search, Right to Privacy and Right to Property theory because the Plaintiff holds no such Right to Freedom from Searches, Privacy  or Property when the property for which the Plaintiff holds is that of the Defendants and is located in an office open to the public tax payers?

D. Does the Plaintiff fail to state a claim against Defendants under Count 1(d)(e)&(f), Right to be Free from Arbitrary and Forcible Dismissal from Public Employment, Right to Freedom of Enterprise and the Right to Procedural Due Process as a Public Employee theory because the Plaintiff holds no such rights as the public tax collector for the Borough and School District?

E. Does the Plaintiff fail to state a claim against Defendants under Count 1(d)(e)&(f), Right to be Free from Arbitrary and Forcible Dismissal from Public Employment, Right to Freedom of Enterprise and the Right to Procedural Due Process as a Public Employee theory because the Plaintiff as a Public Employee does not have a cause of action under the class of one theory?

F. If the Court determines that no constitutional claim exists, should the court decline to exercise jurisdiction over the state law claims?

Suggested answer to all questions presented: YES

5

## IV.   STANDARD OF REVIEW UNDER RULE 12(B)(6)

A motion to dismiss pursuant to Rule 12(b)(6) challenges the legal sufficiency of a complaint, which may be dismissed for the "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6).   When reviewing a motion to dismiss, the Court must accept all well-pleaded facts and allegations, and must draw all reasonable inferences therefrom in favor of the plaintiff. _Burtch v. Milberg Factors, Inc.,_ 662 F.3d 212, 220 (3d Cir. 2011).  In considering a Rule 12(b)(6) Motion to Dismiss, the reviewing Court must accept all allegations in the Complaint as true and draw all reasonable inferences in the light most favorable to the Plaintiff.  _H.J. Inc. v. Northwest Bell Tel. Co.,_ 492 U.S. 229, (1989). If, after accepting the allegations in the Complaint as true and drawing all reasonable inferences in the light most favorable to the Plaintiff, it appears that the Plaintiff cannot show that she is entitled to relief, it is appropriate for the Court to dismiss the Complaint.  _Id._

When evaluating a Rule 12(b)(6) Motion to Dismiss the Court may consider the allegations contained in the complaint, exhibits attached to it, matters of public record and records of which the Court may take judicial notice. _Ieradi v. Mylan Labs., Inc.,_ 230 F.3d 594, (3d Cir.2000).

A District Court must take a three step approach when presented with a motion to dismiss for failure to state a claim. _Santiago v. Warminster Twp.,_ 629 F.3d 121,(3d Cir.2010). First, the court must take note of the elements a plaintiff must plead to state a claim. _Id._ at 130. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. _Id._ Third, where there

are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief. *Id.*

The Court "must then determine whether the facts alleged are sufficient to show that the plaintiff has a 'plausible claim for relief.' In other words, a complaint must do more than allege the plaintiff's entitlement to relief. Fowler v. UPMC Shadyside, 578 F.3d 203, 211 (3d Cir.2009). The determination for "plausibility" will be "'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Id.* at 211. While the standard "does not require 'detailed factual allegations, it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation" and a "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do. *Iqbal,* 556 U.S. at 679.

## V.    ARGUMENT

### A. Should the claims alleged against individual Defendants Eric Kocsis and Tammy Whitfield in their official capacities be dismissed, where all claims asserted against them in such capacities are likewise asserted against Defendant Blairsville-Saltsburg School District?

As a matter of law, Plaintiff's § 1983 claim against Defendants, Blairsville-Saltsburg School District, Eric Kocsis and Tammy Whitfield, either in whole or in part, should be dismissed for a number of reasons. Federal Rule of Civil Procedure 12(b)(6) provides for dismissal, by preliminary motion, of all claims and causes of action for which relief may not be granted as a matter of law. Fed.R.Civ.P. 12(b)(6). Plaintiff's § 1983 claim against Defendants, Blairsville-Saltsburg School District, Eric Kocsis and Tammy Whitfield, who are sued in their official capacity, should be dismissed because a suit against a state official in their official capacity is not a suit against the official, but rather is a suit against their employer. In considering a Rule 12(b)(6) Motion to Dismiss, the

reviewing Court must accept all allegations in the Complaint as true and draw all reasonable inferences in the light most favorable to the Plaintiff. H.J. Inc. v. Northwest Bell Tel. Co., 492 U.S. 229, 249, 109 S.Ct. 2893, 106 L.Ed.2d 195 (1989). If, after accepting the allegations in the Complaint as true and drawing all reasonable inferences in the light most favorable to the Plaintiff, it appears that the Plaintiff cannot show that she is entitled to relief, it is appropriate for the Court to dismiss the Complaint. Id. Plaintiff's Complaint includes one count for a violation under 42 U.S.C. §1983, which is inclusive of seven subsections, all pled against all nine Defendants. Plaintiff's Complaint alleges that at all relevant times, the individual Defendants named in this matter were acting in their official capacity as the Business Manager and Superintendent of Blairsville-Saltsburg School District and that all Defendants are being sued in their official capacities. It is a well-established practice within the Third Circuit to dismiss redundant claims asserted against Public Officers in their official capacities where a claim has also been made against the public entity. See Foglesong v. Somerset County, 2013 WL 795064, at *9 (W.D. Pa. 2013). Capresecco v. Jenkintown Borough, 261 F. Supp. 2d 319, 322 (E.D. Pa. 2003). To the extent Plaintiff alleged claims against Defendants, Eric Kocsis and Tammy Whitfield, in their official capacity within Count I, subsection (a) through (g), these claims must be dismissed as duplicative of the Plaintiff's claims likewise asserted against the Defendant Blairsville-Saltsburg School District within those respective Counts.

The United States Supreme Court has clearly instructed that suits against a government/municipal employee in his/her official capacity are in reality a suit against the governmental/municipal entity that the employee represents. See Brandon v. Holt,

469 U.S. 464, 471-72 (1985); Kentucky v. Graham, 473 U.S. 159 (1985).  As a result, it is a well-established practice within the Third Circuit to dismiss 'redundant § 1983 claims asserted against public officers in their official capacities where a claim has also been made against the public entity that employs them.' Id.

Accordingly, to the extent Plaintiff alleges claims against the Defendants in their official capacity in Counts I, (a) through (g), these claims must be dismissed with prejudice as duplicative of the Plaintiff's claims against the Defendant Blairsville-Saltsburg School District.   Furthermore, and in accordance with this position, all analysis of the School District's liability set forth herein includes and likewise addresses any liability of the Individual Defendants in their official capacity, in the event the official capacity claims are not dismissed.

### B. Does the Plaintiff fail to set forth any cause of action for relief against Defendants Blairsville-Saltsburg School District, Eric Kocsis and Tammy Whitfield in Counts Count 1(a) through (g) because such individual Defendants are entitled to high public official immunity?

As a matter of law, Plaintiff's § 1983 claim against Defendants, Blairsville-Saltsburg School District, Eric Kocsis and Tammy Whitfield, either in whole or in part, should be dismissed for a number of reasons. Federal Rule of Civil Procedure 12(b)(6) provides for dismissal, by preliminary motion, of all claims and causes of action for which relief may not be granted as a matter of law.  Fed.R.Civ.P. 12(b)(6). Plaintiff's § 1983 claim against Defendants, Blairsville-Saltsburg School District, Eric Kocsis and Tammy Whitfield, who are sued in their official capacity, should be dismissed because a suit against a state official in their official capacity is not a suit against the official, but rather is a suit against their employer. In considering a Rule 12(b)(6) Motion to Dismiss,

the reviewing Court must accept all allegations in the Complaint as true and draw all reasonable inferences in the light most favorable to the Plaintiff. <u>H.J. Inc. v. Northwest Bell Tel. Co.</u>, 492 U.S. 229, 249, 109 S.Ct. 2893, 106 L.Ed.2d 195 (1989). If, after accepting the allegations in the Complaint as true and drawing all reasonable inferences in the light most favorable to the Plaintiff, it appears that the Plaintiff cannot show that she is entitled to relief, it is appropriate for the Court to dismiss the Complaint. *Id.*

Pennsylvania common law recognizes the doctrine of absolute immunity for "high public officials." <u>Smith v. Sch. Dist. of Philadelphia</u>, 112 F.Supp.2d 417, 425 (E.D.Pa.2000). <u>Zugarek v. S. Tioga Sch. Dist.</u>, 214 F. Supp. 2d 468, 479 (M.D. Pa. 2002). Public Employees, entrusted with a policymaking role for the School District, are high public officials entitled to absolute immunity from state law suits when acting in their official capacities. <u>Zugarek v. S. Tioga Sch. Dist.</u>, 214 F. Supp. 2d 468, 479 (M.D. Pa. 2002). It is clear in the averments of the Plaintiff that the Defendants, Eric Kocsis and Tammy Whitfield were acting within their official capacities as Business Manager for Blairsville-Saltsburg School District and as Superintendent of Blairsville-Saltsburg, respectively. For this reason, Plaintiff failed to set forth <u>any</u> cause of action against Defendant Eric Kocsis and Defendant Tammy Whitfield in Count 1, subsection a through g, because they are entitled to high public official immunity. *Id.* Accordingly, to the extent Plaintiff alleges claims against the Defendants in their official capacity in Counts I, (a) through (g), these claims must be dismissed with prejudice.

**C. Does the Plaintiff fail to state a claim against Defendants under Count 1(a)(b)&(c), Right to Freedom from Illegal Search, Right to Privacy and Right to Property theory because the Plaintiff holds no such Right to Freedom from Searches, Privacy  or Property when the property for which the Plaintiff holds is that of the Defendants and is located in an office open to the public tax payers?**

Plaintiff failed to set forth <u>any</u> cause of action in Count 1(a)(b)&(c) of the

Complaint for violation of the Right to Freedom from illegal Searches under the Fourth

Amendment of the United States Constitution, Right to Privacy under the First, Third,

Fourth, Fifth and Ninth Amendment of the United States Constitution, and Right to

Property under the Fourteenth Amendment of the United States Constitution, against

the School District, et al., because the Plaintiff holds no such Right to Freedom from

Searches, Privacy  or Property when the property for which the Plaintiff holds is that of

the Defendants and is located in an office open to the public tax payers.

Defendants specifically deny there was any illegal search of the Plaintiffs persons

or property; however, even if the reviewing Court must accept all allegations in the

Complaint as true and draw all reasonable inferences in the light most favorable to the

Plaintiff; these Counts must be dismissed for failure to state a claim upon which relief

may be granted. To distinguish a home and business property in the context of Fourth

Amendment searches, the focus is on the reasonableness of the person's expectation

of privacy, not solely the location. <u>O'Connor v. Ortega</u>, 480 U.S. 709 (1987). Generally

a person has the highest expectation of privacy in their home <u>except</u> to those things that

the person knowingly exposes to the public and although there is an expectation of

privacy in the premises, this expectation <u>can be reduced or eliminated</u> dependent on the

work environment, such as <u>government employees</u>; therefore, a case by case analysis

is needed in such instances. [emphasis added] <u>O'Connor v. Ortega</u>, 480 U.S. 709

11

(1987). In the matter of <u>O'Conner</u> Dr. Ortega's supervisor conducted a warrantless search of Dr. Ortega's private office at a state hospital to investigate charges of Ortega's work-related misconduct. *Id*. The Court found that "the operational realities of the workplace may make some employees' expectations of privacy <u>unreasonable</u> when an intrusion is by a supervisor rather than a law enforcement official." *Id*. at 717. In the context of government offices, some government offices "may be so open to fellow employees or the public that no expectation of privacy is reasonable." *Id*. at 718. What a person knowingly exposes to the public, even in his own home or office, is not a subject of Fourth Amendment protection. <u>Katz v. United States</u>, 389 U.S. 347, 351, 88 S.Ct. 507, 511, 19 L.Ed.2d 576 (1967). Where there are reasonable grounds for suspecting that the search will turn up evidence that he employee is guilty of work-related misconduct the employer may make a search of the employee. <u>O'Connor v. Ortega</u>, 480 U.S. 709 (1987). The Court must bear in mind that the Auditors, Wessel & Company did uncover irregularities within the records, book keeping and deposits of the Plaintiff. These facts may be included in order to meet the burden of the <u>O'Connor</u> theory. In particular, a warrant requirement is not appropriate when "the burden of obtaining a warrant is likely to frustrate the governmental purpose behind the search." <u>Camara v. Municipal Court, supra</u>, at 533, 87 S.Ct., at 1733 (1967). Plaintiff admits in averment 86 and averment 87 that not only did named Defendants, Blairsville-Saltsburg School District, Eric Kocsis and Tammy Whitfield not come to Plaintiff's personal residence, but Defendant's "exited Plaintiff's residence" without entry. (See Averment 86-87).  The information which was used for the audit reports by Wessel and Company clearly show that Plaintiff had disorganized and incomplete records, late tax deposits, and bank

statements which were not reconciled.   Under the Court's analysis there is no search

warrant required for a District and/or Borough to acquire records and monies which are

the property of the District and Borough and are held in a public office with no

expectation of privacy.

> **D. Does the Plaintiff fail to state a claim against Defendants under Count 1(d)(e)&(f), Right to be Free from Arbitrary and Forcible Dismissal from Public Employment, Right to Freedom of Enterprise and the Right to Procedural Due Process as a Public Employee theory because the Plaintiff holds no such rights as the public tax collector for the Borough and School District?**

Plaintiff failed to set forth <u>any</u> cause of action in Count 1(d)(e) &(f) of the

Complaint for violation of the Right to Be Free from Arbitrary and Forcible Dismissal

from Public Employment under the Equal Protection Clause of the United States

Constitution, Right to Freedom of Enterprise allegedly protected under the "Liberty"

concept of the Fifth and Fourteenth Amendments and Right to Procedural Due Process

as a Public Employee under the Fourteenth Amendment of the United States

Constitution, against the School District, et al., because the Plaintiff once again holds no

such rights as the public tax collector for the Borough and School District.

The Fourteenth Amendment of the United States Constitution prohibits state

deprivation of life, liberty, or property without due process of law. Application of this

prohibition requires a " 'familiar two-stage analysis,' " inquiring "(1) whether 'the

asserted individual interests are encompassed within the fourteenth amendment's

protection of 'life, liberty, or property;' and (2) whether the procedures available provided

the plaintiff with 'due process of law.' " <u>Alvin v. Suzuki</u>, 227 F.3d 107, 116 (3d Cir.2000)

We have also found that the Due Process Clause does not protect a public employee

from discharge, even when such discharge was mistaken or unreasonable. See <u>Bishop</u>

v. Wood, 426 U.S. 341, 350, 96 S.Ct. 2074, 48 L.Ed.2d 684 (1976). In the matter before the court the facts, if taken as true, show through Plaintiff's own admission, (averment 151) "Plaintiff indicated that she would prefer to resign than give Defendants satisfaction of dismissing her from office.  Plaintiff then resigned on January 14, 2014, after serving only 14 days of an elected four (4) year term.  To the contrary, Plaintiff fails to alleged one factual averment that showed any Defendant was attempting to dismiss her from employment or requesting her resignation.  Moreover, requesting that the Plaintiff be responsible to collect and deposit taxes in her position of tax collector would seem not only plausible, but a requirement of the position.

A successful procedural due process claim by a public employee requires a demonstration that employee had a property interest in her job. U.S.C.A. Const. Amend. 14. Moreno v. Barrera, 880 F. Supp. 489 (S.D. Tex. 1994).  In the matter of Moreno v. Barrera, the former collection supervisor, by merely alleging that her termination was contrary to county personnel policies and procedures, did not explain basis for her claimed property interest and thus failed to establish a violation of her due process rights. Moreno v. Barrera, 880 F. Supp. 489 (S.D. Tex. 1994).  The Plaintiff, Ms. Tarasovich, has failed to establish she has a property right in her position let alone show the court evidence, on its face, that such facts could ever by presented. Nevertheless, the Plaintiff was not removed from office, but she resigned from office.

While summary judgment must be approached with special caution in employment cases, a plaintiff is not relieved of the obligation to support her allegations by affidavits or other competent evidence showing that there is a genuine issue for trial. Fed. R. Civ. P. 56. Stewart v. White, 61 F. Supp. 3d 118 (D.D.C. 2014).  Not only must

a plaintiff alleging constructive discharge...demonstrate that there was intentional discrimination, but she must also establish the presence of aggravating factors; absent evidence with respect to each of these elements, plaintiff's claim that she was constructively discharged must fail. Stewart v. White, 61 F. Supp. 3d 118 (D.D.C. 2014). Constructive discharge does not occur, ...when an employee leaves an unpleasant but objectively tolerable job because alternatives have become more attractive, even if the employer's misbehavior creates the unpleasantness or its largesse affirmatively increases the appeal of the employee's alternatives. Stewart v. White, 61 F. Supp. 3d 118 (D.D.C. 2014).  Requesting that the Tax Collector actually collect and deposit the taxes is a requirement of the position and one which was not being carried out by the Plaintiff.

In the matter before the Court, there are no factors present to state a claim for constructive discharge as to the Plaintiff's allegation of her Right to be Free from Arbitrary and Forcible Dismissal from Public Employment.  Furthermore, Plaintiff cannot show an instance where any of the Defendants in question asked for her resignation nor moved forward with dismissal actions.  Contrary to Plaintiff's allegations, the Defendants attempted to help create a more organized and efficient process for the Plaintiff in multiple ways, for which (see averment 111), Plaintiff declined.  Defendants created a spreadsheet for the Plaintiff, which is more efficient and organized in an attempt to aid the Plaintiff in the performance of her duties.  For the aforementioned reasons, Plaintiff has failed to set forth any cause of action against Defendants, Blairsville-Saltsburg, Eric Kocsis, or Tammy Whitfield in Count 1(d)(e) or (f).

E. **Does the Plaintiff fail to state a claim against Defendants under Count 1(d)(e)&(f), Right to be Free from Arbitrary and Forcible Dismissal from Public Employment, Right to Freedom of Enterprise and the Right to Procedural Due Process as a Public Employee theory because the Plaintiff as a Public Employee does not have a cause of action under the class of one theory?**

Plaintiff failed to set forth <u>any</u> cause of action in Count 1(d)(e) &(f) of the Complaint for violation of the Right to Be Free from Arbitrary and Forcible Dismissal from Public Employment under the Equal Protection Clause of the United States Constitution, Right to Freedom of Enterprise allegedly protected under the "Liberty" concept of the Fifth and Fourteenth Amendments and Right to Procedural Due Process as a Public Employee under the Fourteenth Amendment of the United States Constitution, against the School District, et al., because the Plaintiff as a Public Employee does not have a cause of action under the class of one theory. "Class of one" equal protection claim, under which plaintiff alleges that she has been treated differently from other similarly situated persons without any rational basis, but does not allege that differential treatment was due to plaintiff's membership in particular class, <u>is not cognizable in public employment context</u>; employment decisions are often subjective and individualized, and government employment, absent legislation, is at-will. <u>Engquist v. Oregon Dep't of Agr.</u>, 553 U.S. 591, 128 S. Ct. 2146, 170 L. Ed. 2d 975 (2008). Plaintiff has failed to show that she is part of a particular class. Plaintiff has further failed to show that as a result of such a particular class she was treated differently. Furthermore, Plaintiff fails to establish one shred of evidence which would result in her loss of "enterprise" as a result of such class. For these reasons, Plaintiff has no cause of action against the Defendants.

16

In Connick v. Myers, 461 U.S. 138, 103 S. Ct. 1684, 75 L. Ed. 2d 708 (1983, 461 U.S., at 146–147, 103 S.Ct. 1684, the Court stated that "Ordinary dismissals from government service ... are not subject to judicial review even if the reasons for the dismissal are alleged to be mistaken or unreasonable. See also. Perry v. Sindermann, 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972); and Bishop, 426 U.S. 341, 96 S.Ct. 2074, 48 L.Ed.2d 684)). "An at-will government employee ... generally has no claim based on the Constitution at all." Waters v. Churchill, supra, at 679, 114 S.Ct. 1878 (1994). Although the "class of one theory" is a new jurisprudential concept, the Court of Appeals for the Third Circuit developed the holding in Olech by finding that in order to recover under a class of one theory, "a plaintiff must allege that (1) the defendant treated him differently from others similarly situated, (2) the defendant did so intentionally, and (3) there was no rational basis for the difference in treatment." Zimmerlink v. Zapotsky, 539 F. App'x 45 (3d Cir. 2013).

The Court in Hill v. Borough of Kutztown, 455 F.3d 225, 239 (3d Cir.2006) dismissed an equal protection claim because Plaintiff Borough manager did not allege the existence of similarly situated individuals. Id.  In this case the former borough manager failed to state a claim for equal protection violations under the "class of one" theory absent allegations of the existence of similarly situated individuals, specifically, borough managers, who the mayor treated differently. The facts of the case in Hill correlate with the facts as arise in the matter before this court. The Plaintiff, Ms. Tarasovich has not stated a claim for equal protection as under the "class of one" theory there is an absence of the existence of similarly situated individuals, i.e. Tax Collectors, who were treated differently.

As a final point, regardless of the fact that no Defendant requested the Plaintiff's resignation nor moved to dismiss the Plaintiff, all of the aforementioned cases would nevertheless conclude that the Plaintiff, Ms. Tarasovich, would not survive a motion to dismiss for her equal protection claim.  In the aforementioned case of Engquist, the case of Connick, the case of Perry, the case of Bishop, the case of Waters, the case of Zimmerlink and the case of Hill, it is clear that the Plaintiff's allegation of the Right to be Free from Arbitrary and Forcible Dismissal from Public Employment under the Equal Protection Clause is misplaced and simply without merit.  Similarly, in accordance with the aforementioned cases the Plaintiff's allegation of the Right to Freedom of Enterprise under the "Liberty" concept is without merit and cannot be proven by the complaint nor any other facts not contained within the record.  Additionally, in accordance with the aforementioned cases the Plaintiff's allegation of the Right to Procedural Due Process as a Public Employee under the Fourteenth Amendment is without merit as an at-will government employee ... generally has no claim based on the Constitution at all. For the aforementioned reasons, Plaintiff has failed to set forth any cause of action against Defendants, Blairsville-Saltsburg, Eric Kocsis, or Tammy Whitfield in Count 1(d)(e) or (f).

## F.  If the Court determines that no constitutional claim exists, should the court decline to exercise jurisdiction over the state law claims?

If the Court should dismiss all federal claims, then the Court should decline to exercise supplemental jurisdiction over any remaining state law claims. Hedges v. Musco, 204 F.3d 109 (3rd Cir. 2000).  While a complaint attacked by a motion to dismiss for failure to state a claim upon which relief can be granted does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to

relief requires more than labels and conclusions, and a formulaic recitation of the

elements of a cause of action will not do. Fed.Rules Civ.Proc.Rule 12(b)(6), 28 U.S.C.A.

The Plaintiff has attempted to throw every allegation at the wall in the hopes that one

may stick, without adequately pleading a claim of which relief may be granted. On

certain subjects understood to raise a high risk of abusive litigation, a plaintiff must state

factual allegations with greater particularity than that required by general rule governing

pleadings. Fed.Rules Civ.Proc.Rules 8, 9(b–c), 28 U.S.C.A. There are no facts of which

have been pled nor could be pled to survive a motion to dismiss on the conspiracy

allegation. But for the fact that the Plaintiff was collecting the County's, Borough's, and

School District's taxes and housing them within one office, the Defendants would have

had no relationship or interaction.  If the Court should dismiss the federal constitutional

claims, the Court should then decline to exercise jurisdiction over the state law claims to

the extent the Court finds the state law claims have arisen through the federal

constitutional claims. Furthermore, under principles of Supplemental Jurisdiction the

Federal Court may only entertain State Law claims when they are so related to Federal

claims within the Court's original jurisdiction that they form a part of the same case or

controversy.  28 U.S.C. §1367. However, if all related Federal claims are dismissed, the

Court should dismiss any remaining State Law claims as well.  See, Fortuna's Cab

Service v. City of Camden, 269 F. Sup. 2d, 562,566(D.N.J. 2003), cited in Peters v. Air

Products and Chemicals, 2006 West Law 860097 (W.D. Pa. 2006).  (Dismissing ADEA

and retaliation claims due to untimely filing and dismissing State Law claims due to

dismissal of foregoing Federal claims).The dismissal of any/all federal claims construed

to exist within the Plaintiff's complaint will deprive this court of supplemental jurisdiction under any related state claims asserted.

## VI.    CONCLUSION.

For the reasons stated herein, Defendants respectfully request this Honorable Court, grant the within Motion to Dismiss, thereby dismissing Plaintiff's Complaint, with prejudice, against Defendants, Blairsville-Saltsburg School District, Eric Kocsis, and Tammy Whitfield under under Federal Rule of Civil Procedure 12(b)(6).

Respectfully submitted,

**ANDREWS & BEARD**

/s/ Carl P. Beard
Carl P. Beard, Esq.
Pa. I.D. No. 33479

/s/ Ronald N. Repak
Ronald N. Repak, Esq.
Pa. I.D. No. 309138

Counsel for Defendants
Blairsville-Saltsburg
School District
Eric Kocsis
Tammy Whitfield

3366 Lynnwood Drive
P.O. Box 1311
Altoona, PA  16603-1311
cbeard@andrewsbeard.com
rrepak@andrewsbeard.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| Carol Tarasovich, | : | No. 3:15-cv-00327-KRG |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | CIVIL ACTION – LAW |
| County of Indiana, Borough of | : | |
| Blairsville, Blairsville-Saltsburg, | : | |
| Timothy Evans, Eric Kocsis, | : | Hon. Joy F. Conti |
| Patricia Evanko, Tammy Whitfield, | : | |
| Wessel and Company, and | : | |
| Stephanie Stohon, | : | |
| Defendants | : | |
| | : | |

## CERTIFICATE OF SERVICE

I, Carl P. Beard, Esquire, and Ronald N. Repak, Esquire, of Andrews & Beard Law Offices, hereby certify that a true and correct copy of the Defendants' Brief in Support of Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b)(6) on behalf of Blairsville-Saltsburg School District, Eric Kocsis and Tammy Whitfield, has been served on the following parties of record via U.S. Western District's Electronic Case Filing System on this 15th day of February, 2016.

Alexander H. Lindsay, Jr., Esquire
Attorney for Plaintiff
110 East Diamond Street, Suite 301
Butler, PA  16001
Attorney for Plaintiff

Marie Milie Jones, Esquire
Michael R. Lettrich, Esquire
Jones Passodelis, PLLC
Gulf Tower, Suite 3510
707 Grant Street
Pittsburgh, PA  15219
Attorneys for County and Patricia Evanko

Edmond R. Joyal, Jr., Esquire
Law Offices of Joseph J. Weimer
975 Two Chatham Center
Pittsburgh, PA  15219
Counsel for Borough of Blairsville and Timothy Evans

Dianne S. Wainwright, Esquire
Kyle T. McGee, Esquire
Margolis Edelstein
525 William Penn Place
Suite 3300
Pittsburgh, PA  15219
Counsel for Wessel and Company and Stephanie Stohon

Respectfully Submitted:
**ANDREWS & BEARD**

/s/ Carl P. Beard
Carl P. Beard, Esq.
Pa. I.D. No. 33479

/s/ Ronald N. Repak
Ronald N. Repak, Esq.
Pa. I.D. No. 309138

Counsel for Defendants
Blairsville-Saltsburg
School District
Eric Kocsis
Tammy Whitfield

3366 Lynnwood Drive
P.O. Box 1311
Altoona, PA  16603-1311
cbeard@andrewsbeard.com
rrepak@andrewsbeard.com